# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

TRACI K. STEVENSON,

    Appellant,

v.                                                                                          Case No: 8:16-cv-720-T30

A&T UNDERWRITING, LLP, et al.,

    Appellees.

## ORDER

THIS CAUSE comes before the Court upon Appellant's appeal of the bankruptcy court's order dismissing Trustee Traci K. Stevenson's complaint with prejudice and Appellees' cross appeal of the bankruptcy court's order denying Appellees' motion for sanctions.[1]  Upon review, the Court concludes that the bankruptcy court's decisions should be affirmed.

The Court has jurisdiction over the appeals pursuant to 28 U.S.C. § 158(a).

## STANDARD OF REVIEW

A district court reviews a bankruptcy court's findings of fact for clear error and conclusions of law de novo.  *See In re JLJ, Inc.*, 988 F.2d 1112, 1116 (11th Cir. 1993). Similarly, issues related to preclusion, such as the application of res judicata are reviewed de novo.  *See In re Piper Aircraft Corp.*, 244 F.3d 1289, 1295 (11th Cir. 2001).

---

[1] The cross appeal was filed in case number 8:16-cv-902-JSM.  On June 22, 2016, the Court consolidated the appeals and directed the parties to docket all future filings in case number 8:16-cv-720.  *See* Dkt. 17.

## **BACKGROUND**

The instant appeal of the bankruptcy court's dismissal with prejudice of *Stevenson v. A&T Underwriting, LLP, et al.* ("Stevenson II") relates to a prior appeal that was filed in this Court: *Stevenson v. Corporation of Lloyd's, et al.* ("Stevenson I"). In each appeal, Appellant is the chapter 7 trustee in the bankruptcy case, Case No. 8:11-bk-10035-CPM, filed by Nasser and Wendy Ayyoub (the "Debtors"). In the first appeal of Stevenson I, this Court ruled that the Trustee's breach-of-contract claim against Lloyd's of London was precluded under res judicata, or as a compulsory counterclaim that should have been raised in a prior declaratory judgment action, which this Court also heard. *See Certain Underwriters at Lloyd's, London v. Best for Less Food Mart, Inc.*, No. 8:10-cv-688-T-30AEP. This Court's opinion affirming the bankruptcy court's dismissal of Stevenson I is currently on appeal before the Eleventh Circuit.

Following the bankruptcy court's dismissal of Stevenson I with prejudice, Appellant filed Stevenson II, an identical lawsuit against new defendants (who were alleged to have contractually assumed liability from the defendants in Stevenson I), asserting the same claims that the bankruptcy court rejected in Stevenson I. As such, the bankruptcy court similarly dismissed Appellant's complaint with prejudice, based on its prior ruling in Stevenson I. The bankruptcy court also adopted this Court's opinion from the first appeal of Stevenson I.

The instant appeal is Appellant's appeal of the bankruptcy court's dismissal of Stevenson II. In the cross appeal, Appellees appeal the bankruptcy court's denial of their motion for sanctions. Appellees' motion for sanctions was premised on what they argued

was Appellant's frivolous filing of Stevenson II. The bankruptcy court declined to award sanctions, reasoning, in relevant part, that Stevenson II may not be frivolous if the Eleventh Circuit reverses Stevenson I.

## DISCUSSION

**I.      The Trustee's Appeal of the Bankruptcy Court's Dismissal of Stevenson II**

The Trustee's appeal asserts nearly identical arguments previously rejected by this Court when it affirmed the bankruptcy court's dismissal of Stevenson I. Notably, in Stevenson II, the bankruptcy court dismissed the Trustee's complaint, with prejudice, adopting the entirety of its prior rulings from Stevenson I, as well as adopting this Court's reasoning in the Stevenson I appeal. In light of the fact that the appeals are virtually the same, this Court sees no reason to rehash its prior opinion. As such, the Court affirms the bankruptcy court's dismissal of the complaint for the same reasons this Court articulated in its opinion affirming the bankruptcy court's dismissal of the complaint in Stevenson I. *See* 8:15-cv-2745-T-30 at Dkt. 8.

**II.     Appellees' Cross Appeal Related to the Denial of Sanctions**

The Defendants moved for sanctions under Federal Rule of Bankruptcy Procedure 9011 and Fla. Stat. § 57.105 for the costs incurred in defending what they contended were the Trustee's repeated and successive frivolous lawsuits. The Court concludes that the bankruptcy court did not abuse its discretion in refusing to sanction the Trustee for filing Stevenson II because the appeal of Stevenson I was and is, to date, still pending before the Eleventh Circuit. The bankruptcy court correctly concluded that it was arguably reasonable of the Trustee to file Stevenson II prior to the expiration of the statute of limitations, which

was set to expire in November of 2015.  In other words, if the Eleventh Circuit reverses Stevenson I, the complaint in Stevenson II may have merit.  Accordingly, the filing of Stevenson II cannot be considered frivolous at this stage.

It is therefore **ORDERED AND ADJUDGED** that:

1. The bankruptcy court's orders dismissing the complaint with prejudice and denying the Defendants' motion for sanctions are hereby AFFIRMED.

2. The Clerk of Court is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 19, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record
Clerk of Bankruptcy Court (case #11-bk-10035-CPM)

S:\Even\2016\16-cv-720 - bank appeal.wpd